## GALE vs. HOYSRADT.

Where a new trial is granted to the Plaintiff by a circuit judge, and he neglects to enter the rule in season to notice the cause for the next circuit, the Defendant may enter such rule, and give the Plaintiff notice thereof, and if he then neglects to notice the cause, (where there is time,) the Defendant may move for judgment as in case of non-suit.

Such motion may be made in an action of reprieve.

*April Special Term*, 1847. *Motion by Defendant for judgment as in case of non-suit.*—This was an action of replevin in the detinet. Plea, general issue, and notice special matter. The cause was tried in September, 1844, at Columbia circuit, and verdict rendered for Defendant, which was subsequently set aside. (See 1 Howard's Pr. Rep., 72.) The cause was tried a second time at Columbia circuit, before J. W. Edmonds, circuit judge, and verdict rendered for Defendant. Upon the last trial, a witness by the name of Van Slyck was offered by Plaintiff, and rejected by the circuit judge; to his decision Plaintiff excepted. The bill of exception was subsequently brought to a hearing before A. J. Parker, circuit judge, who decided that the witness Van Slyck was erroneously excluded, and granted a new trial. Defendant showed on the hearing of the bill of exceptions, that Van Slyck, the proposed witness, died during the time intervening the circuit, and the hearing of the bill of exceptions. The circuit judge decided it made no difference, in regard to granting a new trial in the case, inasmuch as it was a bill of exceptions, and not a case. Plaintiff did not enter the rule for a new trial in time to notice the cause for the next circuit, after the circuit judge's decision. The Defendant filed a copy of the circuit judge's opinion, and entered a rule for new trial in the common rule book, and served notice thereof on Plaintiff's attorney, in season for him to notice the cause for the circuit. Plaintiff's attorney did not notice the cause; and after the circuit had passed, Defendant made this motion.

Plaintiff's counsel insisted that Defendant had no authority or right to enter the rule for new trial; it was a decision for the benefit of the Plaintiff, and he had a right to it, and an exclusive right to enter the rule under and in conformity to it; that if the Defendant wished to expedite the Plaintiff, he should have given notice; and if the Plaintiff did not file the decision, and enter the rule, the Defendant would be entitled to relief. That Defendant had not entered the rule in conformity to the decision; the decision granted a new trial, costs to abide event; the rule as entered by Defendant was a new trial granted merely.

G. W. BULKLEY, *Defts Counsel.*  G. W. BULKLEY, *Defts Atty.*
J. H. REYNOLDS, *Plffs Counsel.*  J. H. REYNOLDS, *Plffs Atty.*

BRONSON, Chief Justice—Granted the motion unless Plaintiff stipulated; costs of motion to abide event in case of stipulation: and *held*, that the rule granting a new trial was for the benefit of the Plaintiff, and he was bound to take notice of the decision of the circuit judge, and if he neglected to enter the rule, the Defendant might enter it for him, and then give notice and proceed under it.